LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
DIANE KONG (State Bar No. 136367)
RAMONA K. TUMBER (State Bar No. 244008)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:    (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
EQUILON ENTERPRISES LLC (DBA SHELL OIL
PRODUCTS US)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. GOOS,<br><br>            Plaintiff,<br><br>vs.<br><br>SHELL OIL COMPANY, doing business as SHELL OIL PRODUCTS US, and/or also known as SHELL OIL PRODUCTS US., and Does 1-50, inclusive,<br><br>            Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a)-(c) (DIVERSITY JURISDICTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant EQUILON ENTERPRISES ("defendant") doing business as SHELL OIL PRODUCTS US, erroneously sued as Shell Oil Company, hereby removes to this Court the state court action described below.

1.     On October 22, 2007, an action was commenced in the Superior Court of the State of California, County of Contra Costa, entitled, <u>Carol Goos v. Shell Oil Company, et al.</u>, as Case No. C07-02274 (the "Action").  (A true and correct copy of the original complaint is attached hereto as Exhibit "A.")

2.     Plaintiff Carol A. Goos ("plaintiff") attempted service of a copy of the Summons and Complaint by mail, service of which was effective on November 5, 2007.  (A true and correct copy of the Complaint is attached hereto as Exhibit "B.")

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

4.     On December 4, 2007, defendant answered the Complaint.  (A true and correct copy of the Answer is attached hereto as Exhibit "C.")

5.     Exhibits "A" through "C" comprise all effective process and pleadings received by defendant.

6.     This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, because plaintiff alleges disability discrimination, failure to accommodate disability, failure to engage in the interactive process, failure to prevent discrimination and retaliation for taking medical leave.  Plaintiff seeks recovery for lost wages, earnings, deferred compensation, employment benefits, special and general damages, attorneys' fees and punitive damages.

7.     Defendant is informed and believes that plaintiff was, at the time of the filing of this action, and still is, a citizen of the state of California.  Defendant was, at the time of the filing of this action, and still is, a citizen of a different state having been incorporated in the state of Delaware and having its principal place of business in the state of Texas.

8.     Defendant requests that the Court accept this Notice of Removal and that the Action pending against it in the Superior Court of the State of California, Contra Costa County, Case No. C07-02274, be removed to this Court for all proceedings.

Dated: December 4, 2007

LAFAYETTE & KUMAGAI LLP

RAMONA K. TUMBER
Attorneys for Defendant
EQUILON ENTERPRISES LLC
(DBA SHELL OIL PRODUCTS US)

Shel\Goos\Pldg\Removal\Notice of removal.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a)-(c) (DIVERSITY JURISDICTION)

1  Randal M. Barnum
State Bar No. 111287
2  LAW OFFICES OF RANDAL M. BARNUM
279 East H Street
3  Benicia, CA 94510
Phone: (707) 745-3747
4  Fax No.: (707) 745-4580

SUMMONS ISSUED

5  Attorney for Plaintiff
CAROL A. GOOS

6
7                                          PER LOCAL RULE 5 THIS
                                           CASE IS ASSIGNED TO
                                           DEPT _____ 70
                                                        cp
8              SUPERIOR COURT, STATE OF CALIFORNIA

9                   COUNTY OF CONTRA COSTA

10                    (Unlimited Jurisdiction)

11  CAROL A. GOOS,                  NO.   C 07  -02274

12              Plaintiff,          COMPLAINT FOR DAMAGES FOR
                                    DISABILITY DISCRIMINATION,
13  vs.                             FAILURE TO ACCOMMODATE,
                                    FAILURE TO ENGAGE IN
14  SHELL OIL COMPANY,              INTERACTIVE PROCESS,
    doing business as SHELL OIL     RETALIATION AND
15  PRODUCTS US, and/or also known  DISCRIMINATION FOR TAKING
    as SHELL OIL PRODUCTS US,       MEDICAL LEAVE
16  and Does 1-50, inclusive,

17              Defendants.         DEMAND FOR JURY TRIAL
                           /
18  _____

19      Plaintiff, CAROL A. GOOS (hereinafter "Plaintiff"), complains and alleges as

20  follows:

21                  **PARTIES AND JURISDICTION**

22      1.    Plaintiff CAROL A. GOOS is a competent adult, and at all relevant times has

23  been a resident of the State of California. Plaintiff has been employed by Defendant, SHELL

24  OIL COMPANY, doing business as and/or known as SHELL OIL PRODUCTS US,

25  (hereinafter also referred to as "Defendant").

26      2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

27  is a corporation qualified to do business in California and doing business in Martinez, Contra

28  Costa County, California.

COMPLAINT FOR DAMAGES                    -1-

Exhibit A

3.     The employment contract which forms the basis of Plaintiff's complaint was made in the State of California, to be performed in the City of Martinez, Contra Costa County, California.

4.     Defendant is and at all relevant times was an employer within the meaning of California Government Code Sections 12926(d), and, subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq. (hereinafter "FEHA"). As Defendant is an employer within the meaning of FEHA, Defendant is required by California Government Code Section 12940 to accommodate disabled employees, is required to engage in a good faith interactive process to determine reasonable accommodation for an employee with a known disability, and is required to take reasonable steps necessary to prevent discrimination and harassment from occurring.

5.     Defendant is and at all relevant times was an employer within the meaning of California Government Code Section 12945.2 as it directly employs 50 or more persons to perform services for wage or salary. As such, Defendant is barred by California Government Code Section 12945.2(l) from discriminating against any individual because of an individual's exercise of the right to medical leave provided by 12945.2(a). Defendant is also prohibited from retaliating against an employee for taking family leave under the California Family Rights Act (hereinafter "CFRA") and/or the Family Medical Leave Act (hereinafter "FMLA").

6.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50 and, therefore, sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is an employee and/or agent of Defendant SHELL OIL COMPANY doing business as and/or also known as SHELL OIL PRODUCTS US and, in doing the things alleged herein, were acting within the course and scope of such employment and/or agency, and is responsible for the occurrences and injuries herein alleged.

7.     Plaintiff has exhausted all required administrative and/or statutory remedies

COMPLAINT FOR DAMAGES                    -2-

1  required of her prior to commencing this civil action. On July 18, 2007, Plaintiff filed a

2  timely Complaint of Discrimination Under the Provisions of the California Fair Employment

3  and Housing Act ("FEHA") against Defendant which included complaints for disability

4  discrimination, denial of disability accommodation, and retaliation for taking disability

5  leave. Plaintiff has received a "Notice of Case Closure" (Right-to-Sue Notice) from the

6  California Department of Fair Employment and Housing ("DFEH") dated July 19, 2007, state

7  case number E200708M0089-00-pc, allowing her to proceed with the subject action.

8  **FACTUAL ALLEGATIONS**

9       8.    Plaintiff has been an employee of Defendant since 1991. Plaintiff has 16 years

10  of experience working for Defendant and also possesses a Bachelor's degree in human

11  development.

12       9.    In 2004, Plaintiff began suffering from depression. This disability limits her

13  ability to participate in major life activities, restricts her daily activities and requires ongoing

14  medical treatment. Accordingly, Plaintiff legally has a qualified disability under California

15  Law and the Fair Employment and Housing Act ("FEHA"). At the urging of both her

16  therapist and her psychiatrist, Plaintiff commenced medical disability leave on June 19, 2006,

17  and remains off work on disability leave. When Plaintiff commenced disability leave, she

18  was in a Machinist position. Plaintiff had previously occupied the position of a Planner.

19       10.    On March 6, 2007, Plaintiff consulted with Dr. Carol F. Fenner, Ph.D., an

20  independent psychiatrist appointed by Defendant, and underwent a six hour evaluation. Dr.

21  Fenner prepared a report dated March 6, 2007, which Dr. Fenner transmitted to Defendant.

22  Dr. Fenner's report confirmed Plaintiff's disability and stated "I do not think a return to work

23  as a machinist is in either of the party's best interests... As to accommodations, the first

24  would be that [Plaintiff] indeed be reinstated as a planner. She has the prior experience for

25  this job and it would probably be beneficial to her morale." Dr. Fenner also went on to state,

26  "I offer the additional suggestion that she be mentored into the human resource department

27  at Shell Oil Company," noting that Plaintiff has "good intellect and learning ability who has

28  gone to college and earned 3 degrees while working full time and who has petition [sic]

COMPLAINT FOR DAMAGES        -3-

1  numerous times for professional advancement."

2      11.    Despite this request for accommodation transmitted to Defendant by Dr.

3  Fenner, Defendant did not offer Plaintiff any of the accommodations suggested or engage

4  in an interactive process with Plaintiff to address accommodations allow her to return to

5  work. Plaintiff was not offered any accommodation and the request for accommodation was

6  ignored by Defendant. Plaintiff had previously occupied the position of Planner and Plaintiff

7  is aware that a Planner position was open during this time. Plaintiff still remains off work due

8  to Defendant's lack of accommodation and lack of interactive process with Plaintiff to allow

9  her to return to work.

### FIRST CAUSE OF ACTION
10  **(Discrimination Based on Disability, Harassment,**
11  **Failure to Accommodate Disability, and Failure to Prevent Discrimination**
    **[California Government Code Section 12940 et. seq.])**
12

13      12.    Plaintiff hereby realleges and incorporates herein by reference the allegations

14  of Paragraphs 1 through 11 above.

15      13.    Defendant's above-referenced failure to accommodate Plaintiff's disability,

16  failure to engage in an interactive process, and failure to take reasonable steps to prevent the

17  discrimination, all constitute violations of the California Government Code Section 12940

18  and its relevant subparts.

19      14.    As a proximate and legal result of Defendant's discrimination, failure to engage

20  in an interactive process,  failure to accommodate disability, and failure to take reasonable

21  steps to prevent discrimination and violation of Government Code Section 12940, Plaintiff

22  has suffered substantial losses in wages, earnings, deferred compensation and other

23  employment benefits.  Plaintiff has also suffered emotional distress, embarrassment,

24  humiliation and mental anguish, which injuries exceed the normal risks of the employment

25  relationship, all to her damage in an amount according to proof, but which amount Plaintiff

26  is informed and believes and thereon alleges is in an amount within the jurisdiction of an

27  unlimited civil case.

28      15.    As a result of Defendant's discrimination, failure to accommodate Plaintiff's

COMPLAINT FOR DAMAGES              -4-

1  disability, failure to engage in an interactive process, and failure to prevent discrimination

2  as described above, Plaintiff has been required to retain an attorney, and to incur attorney's

3  fees and costs in pursuing this action.    Plaintiff is entitled to recover her reasonable

4  attorney's fees incurred herein pursuant to California Government Code Section 12965(b).

5      16.    Defendant's actions as alleged above were malicious, fraudulent and

6  oppressive thereby entitling Plaintiff to an award of punitive damages.

7      WHEREFORE, Plaintiff requests relief as hereinafter provided.

8                    ### SECOND CAUSE OF ACTION
                    (Retaliation for taking Medical Leave
9              [California Government Code Section 12945.2])

10     17.    Plaintiff hereby realleges and incorporates herein by reference the allegations

11 of Paragraphs 1 through 16 above.

12     18.    As stated above, Defendant was an employer within the meaning of California

13 Government Code Section 12945.2. Plaintiff was also an employee within the meaning of

14 California Government Code Section 12945.2. California Government Code Section 12945.2

15 prohibits Defendant from discriminating and retaliation against an employee for taking

16 medical leave under the California Family Rights Act ("CFRA").

17     19.    As stated above, while Plaintiff was on medical leave under the CFRA,

18 Defendant refused to accommodate Plaintiff's disability or engage in a good faith interactive

19 process with Plaintiff regarding her disability. Defendant's acts constitute violations of

20 California Government Code Section 12945.2 based on Defendant's discrimination and

21 retaliation of Plaintiff based on Plaintiff exercising her right to take medical leave under the

22 CFRA.

23     20.    As a proximate and legal result of Defendant's discrimination and retaliation

24 for Plaintiff exercising her right to take medical leave, Plaintiff has suffered substantial

25 losses in wages, earnings, deferred compensation and other employment benefits. Plaintiff

26 has also suffered emotional distress, embarrassment, humiliation and mental anguish, which

27 injuries exceed the normal risks of the employment relationship, all to her damage in an

28 amount according to proof, but which amount Plaintiff is informed and believes and thereon

1  alleges is in an amount within the jurisdiction of an unlimited civil case.

2      21.    As a result of Defendant's discrimination and retaliation for Plaintiff exercising

3  her right to take medical Plaintiff has been required to retain an attorney, and to incur

4  attorney's fees and costs in pursuing this action.    Plaintiff is entitled to recover her

5  reasonable attorney's fees incurred herein pursuant to California Government Code Section

6  12965(b).

7      22.    Defendant's actions as alleged above were malicious, fraudulent and

8  oppressive thereby entitling Plaintiff to an award of punitive damages.

9      WHEREFORE, Plaintiff requests relief as hereinafter follows:

10     1.    For attorney's fees and costs incurred herein in amounts according to proof;

11     2.    For economic compensatory damages including loss of earnings and other

12  employment benefits in amounts according to proof;

13     3.    For non-economic compensatory damages for losses resulting from

14  humiliation, mental anguish, and emotional distress according to proof;

15     4.    For punitive damages;

16     5.    For all other applicable penalties; and

17     6.    For such further relief as the Court may deem just and proper.

18  Dated: October _19_, 2007        LAW OFFICES OF RANDAL M. BARNUM

19

20  By:

21  RANDAL M. BARNUM, ATTORNEY FOR
    PLAINTIFF, CAROL A. GOOS

22                    **DEMAND FOR JURY TRIAL**

23     Plaintiff hereby demands that this action be tried before a jury.

24  Dated: October _19_, 2007        LAW OFFICES OF RANDAL M. BARNUM

25

26  By:

27  RANDAL M. BARNUM ATTORNEY FOR
    PLAINTIFF, CAROL A. GOOS

28

COMPLAINT FOR DAMAGES                -6-



*Law Offices of*
*Randal M. Barnum*

279 East H Street • Benicia, CA 94510
Telephone (707) 745-3747 • Fax (707) 745-4580



Board Certified Civil Trial Specialist

RECEIVED
SHELL OIL COMPANY
PRESIDENT / US COUNTRY CHAIR

OCT 2 9 2007

October 25, 2007

RECEIVED
LEGAL FIRM

DEC 0 3 2007

**First Class Mail, Certified – Return Receipt**
John Hofmeister, President
Shell Oil Products US
1 Shell Plaza -
910 Louisiana Street
Houston, TX 77002

RE:    *Carol Goos v. Shell Oil Company, et al*
Contra Costa County Superior Court
Case No. C07-02274

Dear Mr. Hofmeister:

Our firm represents the Plaintiff, Carol Goos, in the above-referenced matter.

This action is hereby being served on you on behalf of Shell Oil Company, doing business as Shell Oil Products US and/or also known as Shell Oil Products US and is being effected on Shell Oil Company pursuant to California Code of Civil Procedure Section 415.40.

Please note that pursuant to CCP Section 415.40 service is effective ten (10) days after the mailing of these documents to you specified on the date of this letter.

Enclosed you will find the following documents which are being served:

- Summons;

- Complaint for Damages for Disability Discrimination, Failure to Accommodate, Failure to Engage in Interactive Process, Retaliation and Discrimination for Taking Medical Leave;

<u>Exhibit B</u>

John Hofmeister, President
RE: *Goos v. Shell Oil Company*
October 25, 2007
Page 2

- Notice of Case Management Conference One;

- Notice to Defendants

- Blank Case Management Statement;

- Blank Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days;

- Alternative Dispute Resolution (ADR) Information.

We expect a timely response to the Complaint within the period required by the California Code of Civil Procedure.

Thank you for your attention to this matter.

Very truly yours,

RANDAL M. BARNUM

RMB:kjm
Enclosures

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

2007 OCT 22  A 8: 29

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
SHELL OIL COMPANY, doing business as SHELL OIL
PRODUCTS US, and/or also known as SHELL OIL PRODUCTS
US, and Does 1-50, inclusive.

RECEIVED
LEGAL FIRM

DEC 0 3 2007

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CAROL A. GOOS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>CONTRA COSTA COUNTY SUPERIOR COURT<br>725 COURT STREET<br>P.O. BOX 911<br>MARTINEZ, CA 94553 | CASE NUMBER:<br>*(Número del Caso):*<br>C07 -02274 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RANDAL M. BARNUM, SBN: 111287                    (707) 745-3747   (707) 745-4580
LAW OFFICES OF RANDAL M. BARNUM
279 EAST H STREET
BENICIA, CA 94510                                 C. AGUILAR-JACALA
DATE:                                        Clerk, by _____, Deputy
*(Fecha)*  OCT 2 2 2007                  *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416 10 (corporation)          ☐ CCP 416 60 (minor)
          ☐ CCP 416 20 (defunct corporation)  ☐ CCP 416 70 (conservatee)
          ☐ CCP 416 40 (association or partnership)  ☐ CCP 416 90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004]

SUMMONS



Code of Civil Procedure §§ 412 20, 465



1  Randal M. Barnum
   State Bar No. 111287
2  LAW OFFICES OF RANDAL M. BARNUM
   279 East H Street
3  Benicia, CA 94510
   Phone: (707) 745-3747
4  Fax No.: (707) 745-4580

5  Attorney for Plaintiff
   CAROL A. GOOS

6

7

8              SUPERIOR COURT, STATE OF CALIFORNIA

9                  COUNTY OF CONTRA COSTA

10                  (Unlimited Jurisdiction)

11  CAROL A. GOOS,                    NO.

12          Plaintiff,               COMPLAINT FOR DAMAGES FOR
                                     DISABILITY DISCRIMINATION,
13  vs.                              FAILURE TO ACCOMMODATE,
                                     FAILURE TO ENGAGE IN
14  SHELL OIL COMPANY,               INTERACTIVE PROCESS,
    doing business as SHELL OIL      RETALIATION AND
15  PRODUCTS US, and/or also known   DISCRIMINATION FOR TAKING
    as SHELL OIL PRODUCTS US,        MEDICAL LEAVE
16  and Does 1-50, inclusive,

17          Defendants.              DEMAND FOR JURY TRIAL

18

19       Plaintiff, CAROL A. GOOS (hereinafter "Plaintiff"), complains and alleges as

20  follows:

21                   PARTIES AND JURISDICTION

22       1.     Plaintiff CAROL A. GOOS is a competent adult, and at all relevant times has

23  been a resident of the State of California. Plaintiff has been employed by Defendant, SHELL

24  OIL COMPANY, doing business as and/or known as SHELL OIL PRODUCTS US,

25  (hereinafter also referred to as "Defendant").

26       2.     Plaintiff is informed and believes, and based thereon alleges, that Defendant

27  is a corporation qualified to do business in California and doing business in Martinez, Contra

28  Costa County, California

COMPLAINT FOR DAMAGES              -1-

3. The employment contract which forms the basis of Plaintiff's complaint was made in the State of California, to be performed in the City of Martinez, Contra Costa County, California.

4. Defendant is and at all relevant times was an employer within the meaning of California Government Code Sections 12926(d), and, subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq. (hereinafter "FEHA"). As Defendant is an employer within the meaning of FEHA, Defendant is required by California Government Code Section 12940 to accommodate disabled employees, is required to engage in a good faith interactive process to determine reasonable accommodation for an employee with a known disability, and is required to take reasonable steps necessary to prevent discrimination and harassment from occurring.

5. Defendant is and at all relevant times was an employer within the meaning of California Government Code Section 12945.2 as it directly employs 50 or more persons to perform services for wage or salary. As such, Defendant is barred by California Government Code Section 12945.2(l) from discriminating against any individual because of an individual's exercise of the right to medical leave provided by 12945.2(a). Defendant is also prohibited from retaliating against an employee for taking family leave under the California Family Rights Act (hereinafter "CFRA") and/or the Family Medical Leave Act (hereinafter "FMLA").

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50 and, therefore, sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is an employee and/or agent of Defendant SHELL OIL COMPANY doing business as and/or also known as SHELL OIL PRODUCTS US and, in doing the things alleged herein, were acting within the course and scope of such employment and/or agency, and is responsible for the occurrences and injuries herein alleged.

7. Plaintiff has exhausted all required administrative and/or statutory remedies

COMPLAINT FOR DAMAGES                    -2-

1  required of her prior to commencing this civil action. On July 18, 2007, Plaintiff filed a

2  timely Complaint of Discrimination Under the Provisions of the California Fair Employment

3  and Housing Act ("FEHA") against Defendant which included complaints for disability

4  discrimination, denial of disability accommodation, and retaliation for taking disability

5  leave. Plaintiff has received a "Notice of Case Closure" (Right-to-Sue Notice) from the

6  California Department of Fair Employment and Housing ("DFEH") dated July 19, 2007, state

7  case number E200708M0089-00-pc, allowing her to proceed with the subject action.

## FACTUAL ALLEGATIONS

9     8.    Plaintiff has been an employee of Defendant since 1991. Plaintiff has 16 years

10  of experience working for Defendant and also possesses a Bachelor's degree in human

11  development.

12    9.    In 2004, Plaintiff began suffering from depression. This disability limits her

13  ability to participate in major life activities, restricts her daily activities and requires ongoing

14  medical treatment. Accordingly, Plaintiff legally has a qualified disability under California

15  Law and the Fair Employment and Housing Act ("FEHA"). At the urging of both her

16  therapist and her psychiatrist, Plaintiff commenced medical disability leave on June 19, 2006,

17  and remains off work on disability leave. When Plaintiff commenced disability leave, she

18  was in a Machinist position. Plaintiff had previously occupied the position of a Planner.

19    10.    On March 6, 2007, Plaintiff consulted with Dr. Carol F. Fenner, Ph.D., an

20  independent psychiatrist appointed by Defendant, and underwent a six hour evaluation. Dr.

21  Fenner prepared a report dated March 6, 2007, which Dr. Fenner transmitted to Defendant.

22  Dr. Fenner's report confirmed Plaintiff's disability and stated "I do not think a return to work

23  as a machinist is in either of the party's best interests . As to accommodations, the first

24  would be that [Plaintiff] indeed be reinstated as a planner. She has the prior experience for

25  this job and it would probably be beneficial to her morale." Dr. Fenner also went on to state,

26  "I offer the additional suggestion that she be mentored into the human resource department

27  at Shell Oil Company," noting that Plaintiff has "good intellect and learning ability who has

28  gone to college and earned 3 degrees while working full time and who has petition [sic]

COMPLAINT FOR DAMAGES            -3-

1    numerous times for professional advancement."

2    11.    Despite this request for accommodation transmitted to Defendant by Dr.

3    Fenner, Defendant did not offer Plaintiff any of the accommodations suggested or engage

4    in an interactive process with Plaintiff to address accommodations allow her to return to

5    work. Plaintiff was not offered any accommodation and the request for accommodation was

6    ignored by Defendant. Plaintiff had previously occupied the position of Planner and Plaintiff

7    is aware that a Planner position was open during this time. Plaintiff still remains off work due

8    to Defendant's lack of accommodation and lack of interactive process with Plaintiff to allow

9    her to return to work.

10                            FIRST CAUSE OF ACTION
                        (Discrimination Based on Disability, Harassment,
11    Failure to Accommodate Disability, and Failure to Prevent Discrimination
                      [California Government Code Section 12940 et. seq.])
12

13    12.    Plaintiff hereby realleges and incorporates herein by reference the allegations

14    of Paragraphs 1 through 11 above.

15    13.    Defendant's above-referenced failure to accommodate Plaintiff's disability,

16    failure to engage in an interactive process, and failure to take reasonable steps to prevent the

17    discrimination, all constitute violations of the California Government Code Section 12940

18    and its relevant subparts.

19    14.    As a proximate and legal result of Defendant's discrimination, failure to engage

20    in an interactive process,  failure to accommodate disability, and failure to take reasonable

21    steps to prevent discrimination and violation of Government Code Section 12940, Plaintiff

22    has suffered substantial losses in wages, earnings, deferred compensation and other

23    employment benefits.  Plaintiff has also suffered emotional distress, embarrassment,

24    humiliation and mental anguish, which injuries exceed the normal risks of the employment

25    relationship, all to her damage in an amount according to proof, but which amount Plaintiff

26    is informed and believes and thereon alleges is in an amount within the jurisdiction of an

27    unlimited civil case.

28    15.    As a result of Defendant's discrimination, failure to accommodate Plaintiff's

COMPLAINT FOR DAMAGES            -4-

1  disability, failure to engage in an interactive process, and failure to prevent discrimination

2  as described above, Plaintiff has been required to retain an attorney, and to incur attorney's

3  fees and costs in pursuing this action.   Plaintiff is entitled to recover her reasonable

4  attorney's fees incurred herein pursuant to California Government Code Section 12965(b).

5    16. Defendant's actions as alleged above were malicious, fraudulent and

6  oppressive thereby entitling Plaintiff to an award of punitive damages.

7    WHEREFORE, Plaintiff requests relief as hereinafter provided.

8          SECOND CAUSE OF ACTION
        (Retaliation for taking Medical Leave

9         [California Government Code Section 12945.2])

10    17. Plaintiff hereby realleges and incorporates herein by reference the allegations

11  of Paragraphs 1 through 16 above.

12    18. As stated above, Defendant was an employer within the meaning of California

13  Government Code Section 12945.2. Plaintiff was also an employee within the meaning of

14  California Government Code Section 12945.2. California Government Code Section 12945.2

15  prohibits Defendant from discriminating and retaliation against an employee for taking

16  medical leave under the California Family Rights Act ("CFRA").

17    19. As stated above, while Plaintiff was on medical leave under the CFRA,

18  Defendant refused to accommodate Plaintiff's disability or engage in a good faith interactive

19  process with Plaintiff regarding her disability. Defendant's acts constitute violations of

20  California Government Code Section 12945.2 based on Defendant's discrimination and

21  retaliation of Plaintiff based on Plaintiff exercising her right to take medical leave under the

22  CFRA.

23    20. As a proximate and legal result of Defendant's discrimination and retaliation

24  for Plaintiff exercising her right to take medical leave, Plaintiff has suffered substantial

25  losses in wages, earnings, deferred compensation and other employment benefits. Plaintiff

26  has also suffered emotional distress, embarrassment, humiliation and mental anguish, which

27  injuries exceed the normal risks of the employment relationship, all to her damage in an

28  amount according to proof, but which amount Plaintiff is informed and believes and thereon

COMPLAINT FOR DAMAGES   -5-

1  alleges is in an amount within the jurisdiction of an unlimited civil case.

2      21.  As a result of Defendant's discrimination and retaliation for Plaintiff exercising

3  her right to take medical Plaintiff has been required to retain an attorney, and to incur

4  attorney's fees and costs in pursuing this action.  Plaintiff is entitled to recover her

5  reasonable attorney's fees incurred herein pursuant to California Government Code Section

6  12965(b).

7      22.  Defendant's actions as alleged above were malicious, fraudulent and

8  oppressive thereby entitling Plaintiff to an award of punitive damages.

9      WHEREFORE, Plaintiff requests relief as hereinafter follows:

10      1.  For attorney's fees and costs incurred herein in amounts according to proof;

11      2.  For economic compensatory damages including loss of earnings and other

12  employment benefits in amounts according to proof;

13      3.  For non-economic compensatory damages for losses resulting from

14  humiliation, mental anguish, and emotional distress according to proof;

15      4.  For punitive damages;

16      5.  For all other applicable penalties; and

17      6  For such further relief as the Court may deem just and proper.

18  Dated: October _19_, 2007  LAW OFFICES OF RANDAL M. BARNUM

19

20  By: _____

21  RANDAL M. BARNUM, ATTORNEY FOR
PLAINTIFF, CAROL A. GOOS

22  **DEMAND FOR JURY TRIAL**

23      Plaintiff hereby demands that this action be tried before a jury.

24  Dated: October _19_, 2007  LAW OFFICES OF RANDAL M. BARNUM

25

26  By: _____

27  RANDAL M. BARNUM ATTORNEY FOR
PLAINTIFF, CAROL A. GOOS

28

COMPLAINT FOR DAMAGES  -6-

SUPERIOR COURT - MARTIN
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

CAROL GOOS VS. SHELL OIL CO.

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC07-02274

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 03/10/08      DEPT: 30       TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                          SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  10/22/07          _____
                                  C. JACALA, Deputy Clerk

Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
### In Unlimited Jurisdiction Civil Actions

<u>YOU ARE BEING SUED.</u>  The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management (shows hearing date and time)

    d.    <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)

    e.    <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655e)

---

 ## WHAT DO I DO NOW? 

<u>You must:</u>

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management  Statement  (CM-110)*

3. **File and serve your court papers on time**    Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR information, visit <u>www.cc-courts.org/adr</u>, or call (925) 957-5787

**IMPORTANT!** The court recommends consulting an attorney for all or part of your case.  While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

---

<u>COURT FEES:</u> You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>COURT FORMS:</u> Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                                Plaintiff(s)
            vs

_____

_____
                                Defendant(s)

***Stipulation and Order*** to Attend ADR and Delay
*First Case Management Conference 90 Days*

Case No :_____ Date complaint filed:_____    First case management conference set for: _____

---

> ▸ ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
> ▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL:  P.O. BOX 911, MARTINEZ, CA 94553
> ▸ THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

---

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:**

❑ Judicial mediation        ❑ Judicial arbitration        ❑ Neutral case evaluation

❑ Private mediation         ❑ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1.  This is not a complex civil case (as described in California Rules of Court, Rule 3 400);
2.  All parties have been served and intend to submit to the jurisdiction of the court;
3.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4.  Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5   Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6.  Case Management Conference Statements are submitted with this Stipulation;
7.  All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8.  All parties know the court will not allow more than 90 days to complete ADR.

_____|_____        _____|_____
Counsel for Plaintiff  *(print)*     Fax     Counsel for Defendant  *(print)*     Fax

_____          _____
Signature           -            Signature

_____|_____        _____|_____
Counsel for Plaintiff  *(print)*     Fax     Counsel for Defendant  *(print)*     Fax

_____          _____
Signature                        Signature

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a m / _____) Plaintiff's counsel must notify all parties of the case management conference.

Dated: _____        _____
                                    *Judge of the Superior Court*

---

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:            Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1    **Party or parties** *(answer one)*:
   a.    ☐  This statement is submitted by party *(name)*:
   b.    ☐  This statement is submitted jointly by parties *(names)*:

2    **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.    The complaint was filed on *(date)*:
   b    ☐  The cross-complaint, if any, was filed on *(date)*:

3    **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a.    ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed
   b    ☐  The following parties named in the complaint or cross-complaint
      (1)    ☐  have not been served *(specify names and explain why not)*:
      (2)    ☐  have been served but have not appeared and have not been dismissed *(specify names)*:
      (3)    ☐  have had a default entered against them *(specify names)*:
   c    ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4    **Description of case**
   a    Type of case in  ☐  complaint    ☐  cross-complaint    *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10 d    The party or parties are willing to participate in *(check all that apply)*:

   (1) ☐  Mediation
   (2) ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141 12 (discovery to close 15 days before arbitration under Cal Rules of Court, rule 3 822)
   (3) ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141 12 (discovery to remain open until 30 days before trial; order required under Cal Rules of Court, rule 3 822)
   (4) ☐  Binding judicial arbitration
   (5) ☐  Binding private arbitration
   (6) ☐  Neutral case evaluation
   (7) ☐  Other *(specify)*:

   e  ☐  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit
   f  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141 11
   g. ☐  This case is exempt from judicial arbitration under rule 3 811 of the California Rules of Court *(specify exemption)*:

11 **Settlement conference**
   ☐  The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
   a   ☐  Insurance carrier, if any, for party filing this statement *(name)*:
   b.  Reservation of rights:  ☐ Yes   ☐ No
   c   ☐  Coverage issues will significantly affect resolution of this case *(explain)*:

13 **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status
   ☐ Bankruptcy   ☐ Other *(specify)*:
   Status:

14 **Related cases, consolidation, and coordination**
   a.  ☐  There are companion, underlying, or related cases
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
   ☐  Additional cases are described in Attachment 14a
   b   ☐  A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)*:

15 **Bifurcation**
   ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16 **Other motions**
   ☐  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance

*Questions?* Call (925) 957-5787, or go to *www.cc-courts.org/adr*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

CV-655c/Rev 05/2007

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

 — *Law Offices of* —
*Randal M. Barnum*

279 East H Street • Benicia, CA 94510
Telephone (707) 745-3747 • Fax (707) 745-4580



*Board Certified Civil Trial Specialist*
RECEIVED
SHELL OIL COMPANY
PRESIDENT / US COUNTRY CHAIR

JUN 2 9 2007
1) *JDH*
2) *B. McCarey*

*CC: John Parsons*
*Rulon McClay*
*Carol Ann Butler*

June 28, 2007

RECEIVED
LEGAL FIRM

DEC 0 3 2007

**Via FEDEX Overnight Mail**
John Hofmeister, President
Shell Oil Products US
1 Shell Plaza
910 Louisiana Street
Houston, TX 77002

**Via FEDEX Overnight Mail**
Lynn Elsenhans, Executive Vice President, Global Manufacturing
Shell Oil Products US
1 Shell Plaza
910 Louisiana Street
Houston, TX 77002

**Via FEDEX Overnight Mail**
Alicia Izarraraz, Martinez Refinery Complex Manager
Shell Oil Products US
3485 Pacheco Boulevard
Martinez, CA 94553

RE:     Carol Goos, current employee of
Shell Oil Products US

Dear Mr. Hofmeister, Ms. Elsenhans, and Ms. Izarraraz:

Our firm represents Carol Goos, a long time employee of Shell Oil Products US ("Shell Oil") at its refinery located in Martinez, California. Please direct all communications regarding this matter to my attention at my Benicia office noted above.

June 28, 2007
Page 2
RE:    Carol Goos

The purpose of this letter is to enter into meaningful discussions with Shell Oil in an attempt to resolve Ms. Goos' claims against Shell Oil for violations of the California Fair Employment and Housing Act based on gender discrimination, and for wrongful disclosure of private information. The following are the facts and legal authorities supporting Ms. Goos' claims and our suggestion for a resolution of them.

## FACTUAL BACKGROUND

Ms. Goos is a long time employee of Shell Oil's Martinez, California refinery. Ms. Goos has been employed with Shell Oil for approximately sixteen (16) years. Over her 16 years of employment with Shell Oil as a Machinist/Metal Mechanic and Certified Journeyman Machinist, Ms. Goos has had an exemplary job performance history which is devoid of any substantive criticisms. Ms. Goos' 16 years of service for Shell Oil speaks for itself in this regard. Ms. Goos has always been a hardworking, competent and reliable employee for Shell Oil. Over her many years of employment, Ms. Goos has received numerous awards and accolades, including:

- 1998 President's Award for Premier Performance with the Lubes Safety Team
- 1999 Winning Spirit Award for work as Chair of the Safety Awareness Committee
- 2000 Super Winning Spirit Award for her work in the Reliability Group
- 2001 President's Award for participation in the Safety Feedback Training Development Team
- 2001 President's Award for Emonitor Vibration Coordination
- 2003 Super Award for Coordination of the Emonitor Vibration Program.
- Ms. Goos has also served as a Diversity Council Board Member, as SAA President of the Employee Activities Association, and she organized and chaired the Women of Martinez Employee's Network (W.O.M.E.N.).

Despite Ms. Goos' many years of dedicated and excellent service to Shell Oil, Shell Oil has engaged in wrongful and discriminatory conduct towards her. Moreover, after Ms. Goos began to suffer severe depression as result of Shell Oil's discriminatory conduct, Shell Oil wrongfully attempted to access and utilize Ms. Goos' private medical information for the apparent purpose of initiating an adverse employment action against Ms. Goos. The facts that lead up to Ms Goos's current employment issues are as follows:

Ms. Goos was hired in 1991 as a Machinist/Metal Mechanic, and remained in that position until 1993 Over the years of employment with Shell Oil, Ms. Goos' job title and

June 28, 2007
Page 3
RE:    Carol Goos

duties have changed. With the exception of a few temporary promotions, Ms. Goos was at all times paid at the prevailing rate for the position held.

The entire Martinez refinery workforce is approximately 85% (eighty-five percent) male. Out of the approximate 100 individuals employed in the refinery's general maintenance department, Ms. Goos is the only female. Shell Oil has segregated Ms. Goos from the male employees by being required to perform duties that no other employee was required to perform. For example, on a continuous and ongoing basis, Ms. Goos was given "special assignments" and projects, the effect of which removed her from the general male population. Although these projects conferred substantial value to Shell Oil, due to lack of exposure to the management staff, Ms. Goos' excellent service did not result in recognition or pay increases. As a result, Ms. Goos has been repeatedly denied opportunities for promotions.

Additionally, whenever Ms. Goos was advanced within Shell Oil, Ms. Goos was subsequently demoted without adequate explanation or legitimate business reason. When Ms. Goos was assigned a new position, she encountered unwarranted resistance from male co-workers and male subordinates. Ms. Goos' input was often ignored at meetings, and her suggestions were met with resentment. Rather than address the root problems, Shell Oil's response was always to remove Ms. Goos from the new position.

In 2003, in addition to working full-time for Shell Oil, Ms. Goos attained a Bachelor's Degree in Human Development. Nevertheless, Ms. Goos' degree was hardly utilized by Shell Oil, in spite of Ms. Goos' best efforts to apply for various staff positions. Although Ms. Goos earned a temporary promotion to Proactive Planner with a standard 10% pay increase.

Unfortunately for Ms. Goos, her new position only lasted from April 2003 to November 2004. Ms. Goos was informed that all temporary maintenance personnel would be sent back "to the tools." This meant that all temporary maintenance personnel, like Ms. Goos, would be demoted to mechanics. Although this was scheduled to occur in January, 2005, to date Ms. Goos has been the only "temporary" Proactive Planner sent back "to the tools." Ms. Goos' 10% pay increase was also eliminated. As stated above, Ms. Goos was the only woman working in the refinery's general maintenance department, which includes the Proactive Planners. No other Proactive Planner has since been demoted to mechanic. As a consequence of her demotion, Ms. Goos was employed from 2004 through 2005 as a Machine Shop Mechanic, the position Shell Oil originally hired Ms. Goos for 14 years earlier. As a result of the ongoing discrimination to which she was subjected, Ms. Goos'

June 28, 2007
Page 4
RE:    Carol Goos

physician began prescribing her medication for depression.

Ms. Goos subsequently earned another "temporary promotion" to Proactive Planner with the usual 10% temporary pay increase. She held the position of Proactive Planner from June 2005 through January 2006. Since then, Ms. Goos has been employed as a Machinist/Metal Mechanic. No permanent promotions have been forthcoming, despite Ms. Goos' diligence in procuring interviews, and regardless of the fact that she is well qualified to work in the Training Department.

During the year 2006, Ms. Goos continued to interview for staff positions, but was consistently told "We don't think we have anything for you," and that Ms. Goos' work "did not have enough exposure." As stated above, the lack of "exposure" was due to Shell Oil isolating and segregating Ms. Goos throughout her 15 years of employment. Despite her eminent qualifications, Ms. Goos was repeatedly denied the opportunity to serve as a Training Department staff member or manager for Shell Oil. Few, if any, Training Department staff members hold a college degree. With 16 years of refinery experience and a Bachelor's of Art Degree in Human Development, Ms. Goos is more than qualified for a staff position in Shell Oil's Training Department.

Between January and June 2006, Shell Oil's discriminatory and illegal conduct culminated in Ms. Goos' foreman, Charles Owen, treating Ms. Goos as a mere apprentice, after nearly 16 years of dedicated service. Although Ms. Goos is a highly qualified Certified Journeyman Machinist, Mr. Owen informed her repeatedly that he was "more comfortable" with Ms. Goos performing the duties of a mechanic and "taking apart the pumps" instead of performing the machine work for which she is more than qualified.

Moreover, procedures for the mechanical work were vague. This led to misunderstandings. When something inevitably went wrong, Ms. Goos was a convenient scapegoat. Ms. Goos took the proactive step of conferring with Mr. Owen, at which point Mr. Owen threatened that Ms. Goos "could be sent out in the field anytime" if she were dissatisfied with procedures.

In April 2006, Ms. Goos went off work on sick leave. When Ms. Goos returned to work she was told to report to the Field Zone Shop, a humiliating prospect for someone of Ms. Goos' years of training and experience. Ms. Goos only escaped being sent "out in the field" when a coworker volunteered to go in her place.

Mr. Owen subsequently told Ms. Goos that she was "working for the wrong

company." To Ms. Goos' chagrin, Mr. Owen suggested Ms. Goos re-start her career in another department as a "clerk" or "administrative assistant." Either of these traditional "woman" positions would have resulted in a 50% reduction of Ms. Goos' pay.

As a consequence of Shell Oil's continuous discriminatory failure to promote or adequately recognize and compensate Ms. Goos for the high quality of her work, Ms. Goos suffered debilitating depression. At the urging of both her therapist and her psychiatrist, Ms. Goos commenced disability on June 19, 2006, and has not recovered sufficiently to return to work as of the present date.

In or about October 2006, Shell Oil's physician, Dr. Sorenson, consulted with Ms. Goos regarding Ms. Goos' depression. During the consultation, Dr. Sorenson asked for permission to speak with Ms. Goos' personal psychiatrist, Dr. Peter Brandes. Ms. Goos unequivocally denied Shell Oil and Dr. Sorenson permission. Nonetheless, Ms. Goos was later informed by Dr. Brandes that Dr. Sorenson had contacted him regarding his treatment of Ms. Goos. Dr. Brandes informed Dr. Sorenson that Ms. Goos was unable to return to work in her capacity at that time, but did not otherwise disclose the psychiatric or medical treatment information Dr. Sorenson sought.

After Dr. Sorenson failed to receive medical treatment information from Dr. Brandes, Dr. Sorenson contacted Dr. Lisa Hudson, Ms. Goos' primary care physician, regarding Ms. Goos' medical treatment. Ms. Goos learned about this contact from Dr. Hudson after the fact. Dr. Hudson rightly refused to disclose the information to Dr. Sorenson and Shell Oil.

Jon Sharp, Shell Oil's Houston coordinator of medical disability benefits, subsequently contacted Ms. Goos based upon Dr. Sorenson's recommendation that Ms. Goos could return to work in some capacity. Such a recommendation directly contradicted the recommendation of Ms. Goos' own psychiatrist, who has not released Ms. Goos to return to work. Furthermore, at not time had Ms. Goos expressed to Shell Oil a desire to return to work. Shell Oil's actions appear to be the basis of a potential adverse employment decision, specifically, a premature release to return to work.

On November 29, 2006 Ms. Goos decided to sign and fax to Shell Oil a medical release, subject to conditions stated as follows:

I authorize by signing this release information regarding my treatment, medication, visit verification, and fitness for duty status can be obtained from Dr. Peter Brandes ONLY. I do not

June 28, 2007
Page 6
RE:     Carol Goos

authorize discussion on the personal specifics relating to the underlying causes of my condition. I have notified Dr. Brandes of these conditions.

On March 6, 2007, Ms. Goos consulted with Dr. Carol Fenner, an independent psychiatrist appointed by Shell Oil, and underwent a six hours examination. Dr. Fenner informed Ms. Goos at the consultation that, in her opinion, Ms. Goos was not fit to return to work in her present capacity. However, the report of Dr. Fenner is still pending.

Due to Shell Oil's discriminatory treatment and wrongful utilization and disclosure of employee information, Ms. Goos has been forced to retain an attorney to intercede on her behalf.

## LEGAL AUTHORITIES

### A.     GENDER DISCRIMINATION

Under California state law, the California Fair Employment and Housing Act (FEHA) (Govt. Code §§12900-12996) prohibits employment discrimination by employers on the basis of race, color, gender and other protected bases. Specifically prohibited are discriminatory refusals to hire, promote, discrimination in compensation or other terms and conditions of employment. (Emphasis added). Govt. Code §12940(a). Title VII also prohibits sex discrimination. 42 USC §2000e-2(a)-(d).

The Ninth Circuit Court of Appeals has stated that the manifest purpose of these laws with respect to "sex discrimination" is to insure that men and women are treated equally. See, Holloway v. Arthur Anderson and Co. (9th Cir. 1977) 566 F.2d 659, 663. These laws also prohibit employment decisions that reflect gender-based stereotyping. See, Price Waterhouse v. Hopkins (1989) 490 US 228, 250-251. There, the United States Supreme Court declared that, "We are beyond the day when an employer could evaluate employees assuming or insisting that they matched the stereotype associated with their group." Id. at 251.

Furthermore, Title VII of the Civil Rights Act of 1964 (42 USC §§2000e - 2000e-17) prohibits employment discrimination by employers on the basis of race, color, gender and other protected bases. Specifically prohibited is discrimination pertaining to classifications and "other acts that tends to limit, segregate, or classify employees or applicants for employment in a way that would tend to deprive them of employment opportunities

or adversely affect their status." (Emphasis added). 42 USC §§2000e-2(a)-(c).

The circumstances of this case clearly indicate that Ms. Goos has been the victim of illegal discrimination based on her gender. Although use of subjective criteria is not a per se violation Title VII, when the application of subjective criteria is also in the advancement of a disproportionately small number of minority candidates, a violation of Title VII may be found. **Muller v. United States Steel Corp.** (10th Cir. 1975) 509 F.2d 923; **Rowe v. General Motors Corp.** (5th Cir. 1972) 457 F.2d 348. In **Rowe**, the court identified the following factors that lead to the determination that the employer's procedures violated Title VII:

1.  A white supervisor's recommendation was the single most important factor in the promotional process;

2.  Supervisors were given no written instructions about the qualifications for promotion;

3.  Standards for promotion were vague and subjective;

4.  Potential candidates for promotion were not advised of promotional opportunities or the qualifications necessary for promotion; and

5.  The procedure had no safeguards to avoid discriminatory practices.

A plaintiff who shows that any step of a promotion process is biased and that the failure to pass that step will end the possibility of promotion has established a prima facie case of discrimination under Title VII. This is true even if the results of the promotion process as a whole are unbiased. **Connecticut v. Teal** (1982) 457 US 440. In this situation, Shell Oil has few, if any, procedural safeguards to ensure that a woman desiring promotion has adequate opportunity to exhibit her worth to the company. Shell Oil's unstated policies prohibited Ms. Goos from displaying the full range of her capabilities due Shell Oil's segregation of Ms. Goos. Furthermore, the job performance procedures and standards by which mechanics were judged remained vague. As previously stated, Ms. Goos' foreman, Mr. Owen, threatened that Ms. Goos "could be sent out in the field anytime" if she were dissatisfied with Shell Oil's procedures.

Discrimination may also be inferred where an employee demonstrates strong qualifications for the position sought, and the employer fails to explain its refusal to promote

June 28, 2007
Page 8
RE:    Carol Goos

her. Bryant v. Aiken Regional Medical Center, Inc. (2003) 333 F.3d 536. Here, when Ms. Goos interviewed for promotions, she was told by the staff, "We don't think we have anything for you," and that Ms. Goos "did not have enough exposure." This latter statement, ironically, was Shell Oil's response to a situation that Shell Oil itself had created, to wit, gender segregation tantamount to a denial of the opportunity for exposure to upper management. Shell Oil has manifestly failed to explain its refusal to promote Ms. Goos, in spite of her demonstrably strong qualifications for the positions she sought.

Title VII violations may be upheld even where sex discrimination was done for the protection of the employees being discriminated against. International Union, UAW v. Johnson Controls (1991) 499 US 187. In this case, the U.S. Supreme Court found that an employer's policy barring from jobs entailing lead-exposure all women whose infertility was not medically documented, was discriminatory on its face. "The beneficence of an employer's purpose," the court stated, "does not undermine the conclusion that an explicit gender-based policy is sex discrimination under [Civil Rights Act of 1964] §703(a)..." International Union, supra at 200. In Ms. Goos' situation, Shell Oil will have a difficult burden in attempting to prove non-discriminatory conduct should it claim that its efforts to segregate Ms. Goos by gender were for her own protection.

### Burden of Proof Applicable to Employment Discrimination Cases

Ms. Goos's claim for discrimination under the Fair Employment and Housing Act is based on a theory of disparate treatment. This is discrimination based on treating similarly situated individuals differently in their employments because of a protected characteristic. International Brotherhood of Teamsters v. United States (1977) 431 U.S. 324, 335-336; Guz v. Bechtel (2000) 24 Cal.4th 317, 355.

In employment discrimination cases, the burden of production generally shifts back and forth between employer and employee. See, Ritter v. Hughes Aircraft Co. (9th Cir. 1995) 58 F.3d 454, 457; Harris v. Itzhaki (9th Cir. 1999) 183 F.3d 1043, 1051.

The analytical framework for these shifting burdens is drawn from St. Mary's Honor Center v. Hicks (1993) 509 U.S. 502, 113 S.Ct. 2742. It is recognized that the employee bears the initial burden of proving a prima facie case of discrimination. However, not much evidence is required. Ms. Goos need only offer evidence which "gives rise to an inference of unlawful discrimination." Wallis v. J.R. Simplot Co. (9th Cir. 1994) 26 F.3d 885, 889.

A prima facie case can be established either (a) by evidence creating an inference of

June 28, 2007
Page 9
RE:    Carol Goos

discriminatory motives (e.g. comments about a protected group to which Ms. Goos belongs, relating to employment action taken), or (b) simply by showing others not in Ms. Goos's protected class were treated more favorably. Actual proof of discrimination is not required for a prima facie case; all Ms. Goos must do is raise an inference that such misconduct occurred. Warren v. City of Carlsbad (9th Cir. 1995) 58 F.3d 439, 442; Sutera v. Schering Corp. (2nd Cir. 1995) 73 F.3d 13, 16 ('de minimus' showing sufficient for prima facie case).

Once a prima facie case has been made, the burden of production shifts to the employer to show that its employment decision was taken for some legitimate, non-discriminatory reason. Wallis v. J.R. Simplot Co., supra at 889; See also, Anderson v. Baxter Health Corp. (7th Cir. 1994) 132 F.3d 1120, 1124.

The burden then shifts back to the employee to demonstrate that employer's alleged reason for its employment action was pretextual. McDonnell Douglas Corp. v. Green (1973) 411 U.S. 792, 804; Wallis v. J.R. Simplot Co., supra at 889, 892.

It should also be noted that where the employee has presented proof of discriminatory intent as part of a prima facie case, no additional evidence may be necessary to satisfy the employee's burden: "When a plaintiff has established a prima facie inference of disparate treatment through direct or circumstantial evidence of discriminatory intent, he will necessarily have raised a genuine issue of fact with respect to the legitimacy and bona fides of the employer's articulated reasons for its employment decision," precluding summary judgment. Schnidrig v. Columbia Machine, Inc. (9th Cir. 1996) 80 F.3d 1406, 1410; See also, Payne v. Norwest Corp. (9th Cir. 1997) 113 F.3d 1079, 1080.

Most Circuits, and now the United States Supreme Court, hold that a case gets to a jury by either:

1.    Presenting evidence, circumstantial or direct, that discrimination was more likely than not a motivating cause of the employer's actions (which in some cases may already be shown in Ms. Goos's prima facie case); or

2.    Attacking the credibility of the employer's reasons by evidence showing weaknesses, inconsistencies, or impossibilities in the employer's proffered reasons/i.e., showing the employer's reasons were a "pretext for discrimination."

June-28, 2007
Page 10
RE:    Carol Goos

Sheraton v. E.I. DuPont de Nemours & Co. (3rd Cir. 1996) 100 F.3d 1061, 1066-1067; Collier v. The Budd Co. (7th Cir. 1995) 66 F.3d 886, 891-893; Nidds v. Schindler Elevator Corp. (9th Cir. 1996) 113 F.3d 912, 918. These courts rely on St. Mary's Honor Center v. Hicks (1993) 509 U.S. 503, 511 which states that where unlawful discrimination is charged it is up to the jury to decide the credibility of the employer's reasons for its discriminatory conduct. This legal standard was upheld by the U.S. Supreme Court in Reeves v. Sanderson Plumbing Products, Inc. (2000) 530 U.S. 133, 148.

The employee may meet its third stage burden "through the elimination of other plausible non-discriminatory reasons (for disparate treatment) until the most plausible reason remaining is discrimination." Thomas v. Eastman Kodak (1st Cir. 1999) 183 F.3d 38, 61. Under this view, very little evidence of discriminatory motive is necessary to raise a genuine issue of fact as to pretext. The employee need simply point to fact showing the employer's explanation for his or his rejection is not credible, from which a fact finder could infer a retaliatory or discriminatory motive despite the employer's denial thereof. Warren v. City of Carlsbad (9th Cir. 1995) 58 F.3d 439, 443; Clements v. Airport Authority of Washoe County (9th Cir. 1995) 69 F.3d 321, 334-335.

An employer's arguably false reasons for its actions may create an inference of discriminatory motive, sufficient to raise a genuine issue of fact. Lindahl v. Air France (9th Cir. 1991) 930 F.2d 1434, 1439 (employer claimed it promoted a younger man over the plaintiff (a 40 year old woman) because he had better "leadership abilities;" evidence challenging credibility of this explanation raised inference that promotion was based on age and gender discrimination). The employer's stating fundamentally different reasons at different times ("shifting reasons") for terminating the employee creates an inference of pretext. That is, a rational trier of fact could find the stated reason was pretextual "for one who tells the truth need not recite different versions of the supposedly same event." Payne v. Norwest Corp. (9th Cir. 1997) 113 F.3d 1079, 1080. See also, Washington v. Garrett (9th Cir. 1993) 10 F.3d 1421, 1433-1434. In regards to an employee suing for sex and discrimination in violation of Title VII, the 9th Circuit Court of Appeals explained the McDonnell Douglas formulation as follows:

> The plaintiff can establish a prima facie case by showing, for example, that she belongs to a protected group, that she applied for and was qualified for a job that was open for applications, that she was rejected, and that the position remained open after her rejection and the employer continued to seek applicants from

persons of employee's qualifications.  Lindahl v. Air France, *supra* at 1436.

In Washington v. Garrett, *supra*, the court reversed a motion for summary judgment in favor of the employer under the post St. Mary's standards based on the Plaintiff establishing a prima facie case and raising a genuine issue as to whether the employer's explanation for its case was true.  Washington v. Garrett, *supra* at 1433.  The court held:

> If a Plaintiff succeeds in raising a genuine factual issue regarding the authenticity of the employer's stated motive, summary judgment is inappropriate, because it is for the trier of fact to decide which story is to be believed.

> This approach is in accord with the Supreme Court's recent decision in St. Mary's Honor Center.  The St. Mary's majority held that, even when the Plaintiff is successful in demonstrating, pursuant to the McDonnell Douglas framework, that the employer's proffered reason is pretextual, the factfinder is not compelled to render a finding of unlawful discrimination.  The opinion makes clear, however, that the factfinder may infer discrimination from the showing of pretext:

> The factfinder's disbelief of the reasons put forward by the Defendant (particularly if disbelief is accompanied by suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination.  Thus, rejection of the employer's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and...upon such rejection, "no additional proof of discrimination is required." (citing St. Mary's Honor Center, *supra* at 2749).

> Because, as St. Mary's recognizes, the factfinder in a Title VII case is entitled to infer discrimination from Plaintiff's proof of a prima facie case and showing of pretext without anything more, *there will always be a question for the factfinder once a Plaintiff establishes a prima facie case and raises a genuine issue as to whether the employer's explanation for its action is true.  Such a question cannot be resolved on summary judgment.*

Washington v. Garrett, *supra* at 1433 (emphasis added)

The United States Supreme Court has upheld the proposition set forth in St. Mary's Honor Center v. Hicks, *supra* at 511 that a fact finder's disbelief of the reasons put forward by the Defendant, together with the elements of a prima facie case, may suffice to show intentional discrimination based on the rejection of Defendant's proffered reasons permitting the trier of fact to infer the ultimate fact of intentional discrimination. Reeves v. Sanderson Plumbing Products (2000) 530 U.S. 133.

The Supreme Court upheld the McDonnell Douglas Corp. v. Green, *supra* at 802 standard that a Plaintiff's prima facie case of discrimination combined with evidence for a reasonable fact finder to reject the employer's non-discriminatory explanation for its decision, would be adequate to sustain a finding of liability for intentional discrimination. Reeves v. Sanderson, *supra*. The court noted:

> In this case, Reeves established a prima facie case and made a substantial showing that respondent's legitimate, non-discriminatory explanation was false. In St. Mary's Honor Center v. Hicks, 509 U.S. 511, 125 L. Ed. 2d 407, 113 S. Ct. 2742, the court stated that, because the factfinder's disbelief of the reasons put forward by the Defendant, together with the elements of the prima facie case, may be sufficient to show intentional discrimination, rejection of the Defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination. Proof that the Defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it can be quite persuasive. *See, Id.* at 517. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. *See, e.g.,* Wright v. West, 505 U.S. 277, 296, 120 L. Ed. 2d 225, 112 S.Ct. 2482. Moreover, when one of the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision. Cf. Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577, 57 L. Ed. 2d 957, 98 S. Ct. 2942. Such a showing by the Plaintiff will not

June 28, 2007
Page 13
RE:    Carol Goos

always be adequate to sustain a jury's liability finding. Certainly there will be instances where, although the Plaintiff has established a prima facie case and introduced sufficient evidence to reject the employer's explanation, no rational factfinder could conclude that discrimination had occurred. This court need not and could not resolve all such circumstances here. In this case, it suffices to say that a Plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. Pp. 5-14.

Reeves v. Sanderson, *supra.*

Here, Ms. Goos will be able to establish a prima facie case of gender based discrimination. There was no reasonable explanation for Shell Oil's segregation of Ms. Goos from the male population, nor for Shell Oil's repeated refusal to seriously consider her repeated applications for a promotion to a permanent staff position within Shell Oil.

B.    DISCLOSURE OF PRIVATE INFORMATION

The Confidentiality of Medical Information Act provides that "each employer who receives medical information shall establish appropriate procedures to ensure the **confidentiality and protection from unauthorized use and disclosure** of that information." Cal. Civ. Code § 56.20.

Written authorization is required *prior* to any employer using, **disclosing, or knowingly permitting** its employees or agents to use or disclose **medical information** which employer possesses **pertaining to its employees.** Ms. Goos was not given, nor did she sign, a written authorization permitting Dr. Sorenson to contact Dr. Brandes nor Dr. Hudson regarding her medical treatment during the month of October, 2006. Cal. Civ. Code §§ 56.20 - 56.21.

The California Court of Appeal for the First District has elucidated informational and autonomy privacy rights as follows:

Legally recognized privacy interests are generally of two classes: interests in precluding the dissemination or misuse of

June 28, 2007
Page 14
RE:     Carol Goos

> sensitive and confidential information (informational privacy)
> and interests in making intimate personal decisions or
> conducting personal activities without observation, intrusion,
> or interference (autonomy privacy). <u>Pettus v. Cole</u> (1996), 49
> Cal.App.4th 402, citing <u>Hill v. National Collegiate Athletic
> Assn.</u> (1994) 7 Cal.4th at 35.

In <u>Pettus</u>, *supra*, the court ruled that an employee had a cause of action against his employer where the employer (a private, non-governmental entity), requested and obtained the employee's psychiatric information, and subsequently used that information to make an adverse employment decision. <u>Pettus</u>, *supra*. Ms. Goos' communications with her personal psychiatrist and primary care physician are clearly the kind of "interests in making intimate personal decisions" that are legally protected from "observation, intrusion, or interference" by Shell Oil.

## C.     CONSTRUCTIVE DISCHARGE

Although Ms. Goos is currently employed, the California Supreme Court has also held that an employee who leaves a job because of intolerable working conditions may state a claim for wrongful termination based on a "constructive discharge." <u>Turner v. Anheuser-Busch, Inc.</u> (1994) 7 Cal.4th, 1238, 1245. In this regard, Ms. Goos may support her claim by showing that:

> The employer either intentionally created or knowingly
> permitted working conditions that were so intolerable or
> aggravated at the time of the employee's resignation, that a
> reasonable employer would realize that a reasonable person in
> the employee's position would be compelled to resign. <u>Turner</u>,
> *supra* at 1251.

In light of the above-referenced gender discrimination, the working conditions imposed on Ms. Goos have been so intolerable that neither Ms. Goos nor any reasonable person can bear them. This has forced Ms. Goos to consider terminating her employment at which time it would be considered a tortious discharge. Should this occur, it is unknown if or when Ms. Goos will obtain comparable employment. Undoubtedly, Ms. Goos will have several (and probably many) months of unemployment. She will likely have to take a job which will pay significantly less thereby continuing her economic damages at a substantial rate for the foreseeable future.

June 28, 2007
Page 15
RE:   Carol Goos

## RECOVERABLE DAMAGES

As to the damages recoverable, the Fair Employment and Housing Act affords full and unlimited tort damages to Plaintiffs who establish liability. The California Supreme Court's decision in Commodore Home Systems, Inc. v. Superior Court (1982) 32 Cal.3d 211, 221 clearly established the availability of such remedies under the FHA. The court held that courts have authority to award FEHA plaintiffs all noncontractual tort remedies including emotional distress damages and punitive damages.

Ms. Goos may also receive back pay consisting of lost earnings from the time of the FEHA violation through the entry of judgment. This includes salary and fringe benefits and any other form of compensation which would have been paid. County of Alameda v. FEHC (1984) 153 Cal.App.3d 499, 509.

The court may also award front pay consisting of lost earnings from the date of judgment through the date of employment and a comparable position. Ackerman v. Western Electric (N.D. Cal.1986) 642 F.Supp.836, 856.

The courts may award full compensatory damages under the Fair Employment and Housing Act. Peralta Community College District v. FEHC (1990) 52 Cal.3d 40; Commodore Home Systems, Inc. v. Superior Court, supra at 221. These damages are designed to compensate the Plaintiff for emotional injuries that were suffered as a result of the defendant's actions, considering factors such as the employee's physical and emotional well being, ability to work, personal and family relationships, and the duration of the injury. See, Aluminum Precision Products (1988) FEHC decision no. 88-05; Wilson v. Six Flags Stores, Inc. (1997) 52 Cal.App.4th 267, 273.

It should be noted that emotional distress awards from FEHA violations have been significant. See, e.g., Iwekaogwu v. City of Los Angeles (1999) 75 Cal.App.4th 803, 821 (upholding $450,000 award on remittitur for emotional distress damages); Bihun v. AT&T Info Systems (1993) 13 Cal.App.4th 976, 979 (upholding $662,000 emotional distress award); and Watson v. Department of Rehabilitation (1989) 212 Cal.App.3d 1271 (holding award of $1 million for emotional distress not excessive in discrimination case).

The courts may also award punitive damages to the Plaintiff under the Fair Employment and Housing Act. Dyna-Med. Inc. v. FEHC (1987) 43 Cal.3d 1379, 1383; Commodore Home Systems, Inc. v. Superior Court, supra at 221.

June 28, 2007
Page 16
RE:    Carol Goos

The Fair Employment and Housing Act expressly states that the prevailing party may recover reasonable attorney's fees and costs. Govt. Code §12965(d).

Violation of the use or disclosure provisions of the Confidentiality of Medical Information Act leading to the plaintiff's economic loss or personal injury, may result in recovery of compensatory damages and punitive damages not to exceed $3,000, attorney's fees not to exceed $1,000, and the costs of litigation. Such damages are in addition to any other remedies available at law. Cal. Civ. Code § 56.35.

Additional tort damages and penalties may adhere where a patient's informational and autonomy privacy rights under the California Constitution are violated. Pettus v. Cole, supra.

## DEMAND

This entire episode has been very upsetting and stressful for Ms. Goos. Ms. Goos has suffered significant emotional distress, embarrassment and humiliation caused by this situation and Shell Oil's indifference toward her qualifications. Ms. Goos remains unable to return to work due to debilitating depression.

In order to avoid litigation of these issues, and to release Shell Oil from the above-referenced claims, Ms. Goos hereby demands a severance package, consisting of Ms. Goos' fully vested retirement plan and complete package of health benefits, and payment in the total sum of $350,000. This sum, we believe, is reasonable in light of Shell Oil's potential exposure. We also demand that Shell Oil acknowledge its wrongful acts of gender discrimination over the sixteen (16) years Ms. Goos worked without any meaningful opportunity for promotion or substantial pay increases. This offer shall remain open for two weeks from the date of this letter.

If a meaningful effort is not made to resolve this matter within this time frame, Ms. Goos will pursue all legal avenues available to her. This will involve the commencement of a formal lawsuit against Shell Oil based on the above theories of liability. We believe this demand is less than Shell Oil's legal exposure. In evaluating this demand, we would ask you to consider Shell Oil's exposure, the costs and attorney's fees to be incurred and the potential adverse publicity.

Thank you for your consideration and prompt attention to this matter. Your immediate response is imperative.

June 28, 2007
Page 17
RE:    Carol Goos

Very truly yours,

RANDAL M. BARNUM

RMB:sst

1 | LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
2 | DIANE KONG (State Bar No. 136367)
RAMONA K. TUMBER (State Bar No. 244008)
3 | 100 Spear Street, Suite 600
San Francisco, California 94105
4 | Telephone:  (415) 357-4600
Facsimile:  (415) 357-4605

5

6 | Attorneys for Defendant
EQUILON ENTERPRISES LLC (DBA SHELL OIL
7 | PRODUCTS US)

8 | SUPERIOR COURT OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF CONTRA COSTA

10 | (UNLIMITED JURISDICTION)

11 | CAROL A. GOOS,                                        Case No. C07-02274

12 |              Plaintiff,                                   Assigned to Dept. 30

13 | vs.                                                       **DEFENDANT EQUILON
                                                              ENTERPRISES LLC'S (DBA SHELL
14 | SHELL OIL COMPANY, doing business as          OIL PRODUCTS US) ANSWER TO
     SHELL OIL PRODUCTS US, and/or also            PLAINTIFF'S UNVERIFIED
15 | known as SHELL OIL PRODUCTS US, and           COMPLAINT**
     Does 1-50, inclusive,
16
                 Defendants.
17

18
                                                       Complaint filed October 22, 2007
19

20 |        Defendant EQUILON ENTERPRISES ("defendant") doing business as SHELL OIL

21 | PRODUCTS US, erroneously sued as Shell Oil Company, answers Plaintiff Carol A. Goos'

22 | ("Plaintiff") unverified Complaint ("Complaint") as follows:

23 |        1.       Pursuant to California Code of Civil Procedure §431.30(d), Defendant generally

24 | denies each and every, all and singular, allegation in Plaintiff's Complaint, and generally denies

25 | Plaintiff has been injured in the sums alleged in the Complaint, or any sum at all, as the result of

26 | any action, omission to act or delay in acting by Defendant.

27 |                          FIRST AFFIRMATIVE DEFENSE

28 |        2.       As a first, separate and affirmative defense, Defendant asserts that Plaintiff fails

1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  to allege facts sufficient to constitute a cause of action against Defendant.

2  SECOND AFFIRMATIVE DEFENSE

3      3.    As a second, separate and affirmative defense, Defendant asserts that Plaintiff

4  failed to properly exhaust applicable administrative remedies.

5  THIRD AFFIRMATIVE DEFENSE

6      4.    As a third, separate and affirmative defense, Defendant asserts that this action

7  cannot be maintained because statutory prerequisites have not been fulfilled.

8  FOURTH AFFIRMATIVE DEFENSE

9      5.    As a fourth, separate and affirmative defense, Defendant asserts that it had no

10  knowledge of any alleged discrimination and/or retaliation.

11  FIFTH AFFIRMATIVE DEFENSE

12      6.    As a fifth, separate and affirmative defense, Defendant asserts that any damages

13  sustained by Plaintiff were either wholly or in part negligently caused by Plaintiff's own actions,

14  inactions, or delay in acting, and said negligence comparatively reduces the percentage of

15  negligence, if any, by Defendant.

16  SIXTH AFFIRMATIVE DEFENSE

17      7.    As a sixth, separate and affirmative defense, Defendant asserts that the Complaint

18  and each cause of action alleged therein are barred under applicable statutes of limitation

19  including, but not limited to, those set forth in California Code of Civil Procedures §§340, 335.1,

20  338 and California Government Code §§12940, *et seq.*

21  SEVENTH AFFIRMATIVE DEFENSE

22      8.    As a seventh, separate and affirmative defense, Defendant asserts that to the extent

23  Plaintiff seeks relief for mental and/or emotional distress her claims are preempted by the

24  exclusivity provisions of California Workers' Compensation Act, Labor Code §§3200, *et seq.*

25  EIGHTH AFFIRMATIVE DEFENSE

26      9.    As an eighth, separate and affirmative defense, Defendant asserts that the alleged

27  damages sustained by Plaintiff were caused by persons, firms, corporations, entities or

28  organizations other than Defendant, and by reason thereof, Defendant is not liable to Plaintiff for

2

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT EQUILON ENTERPRISES LLC'S (DBA SHELL OIL PRODUCTS US)
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  any alleged injuries, losses or damages.

2  <u>NINTH AFFIRMATIVE DEFENSE</u>

3       10.    As a ninth, separate and affirmative defense, Defendant asserts that Plaintiff failed

4  to mitigate her damages, if any, and said failure to mitigate bars Plaintiff from recovery in this

5  action.

6  <u>TENTH AFFIRMATIVE DEFENSE</u>

7       11.    As a tenth, separate and affirmative defense, Defendant asserts that Plaintiff is

8  guilty of laches and unreasonably delay in bringing this action and in asserting any cause of

9  action against Defendant, and such unreasonable delay is without good cause and is substantially

10  prejudicial to Defendant.

11  <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

12       12.    As an eleventh, separate and affirmative defense, Defendant asserts that it

13  exercised reasonable care to prevent and promptly correct the alleged conduct and Plaintiff failed

14  to take advantage of any preventative or corrective measures provided by Defendant to avoid the

15  alleged harm.

16  <u>TWELFTH AFFIRMATIVE DEFENSE</u>

17       13.    As a twelfth, separate and affirmative defense, Defendant asserts that an award of

18  punitive damages is unconstitutional under the due process clause of the Fourteenth Amendment

19  to the Constitution of the United States.

20  <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

21       14.    As a thirteenth, separate and affirmative defense, Defendant asserts that the

22  Complaint and each cause of action alleged therein fails to state facts sufficient to justify an

23  award of punitive damages and that the Complaint and each cause of action alleged therein fail to

24  state sufficient and specific facts to support the underlying allegations of malice, fraud and

25  oppression.

26  <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

27       15.    As a fourteenth, separate and affirmative defense, Defendant asserts that Plaintiff

28  failed to use ordinary care and diligence in the performance of her duties, thus her claims are

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

3

1 | barred by Labor Code §2854.

2 | FIFTEENTH AFFIRMATIVE DEFENSE

3 |     16.    As a fifteenth, separate and affirmative defense, Defendant asserts that the

4 | complained-of actions were taken with just cause and were not in violation of any federal or state

5 | statute.

6 | SIXTEENTH AFFIRMATIVE DEFENSE

7 |     17.    As a sixteenth, separate and affirmative defense, Defendant asserts that the alleged

8 | adverse employment action of which Plaintiff complains was based on one or more legitimate, non-

9 | discriminatory reasons.

10 | SEVENTEENTH AFFIRMATIVE DEFENSE

11 |     18.    As a seventeenth, separate and affirmative defense, Defendant asserts that it did not

12 | ratify and/or approve any wrongful conduct.

13 | EIGHTEENTH AFFIRMATIVE DEFENSE

14 |     19.    As an eighteenth, separate and affirmative defense, Defendant asserts that it would

15 | have acted in the manner alleged regardless of Plaintiff's alleged disability and/or purported

16 | protected act.

17 | NINETEENTH AFFIRMATIVE DEFENSE

18 |     20.    As a nineteenth, separate and affirmative defense, Defendant asserts that Plaintiff

19 | consented to and acquiesced in the alleged acts or omissions, if any, barring Plaintiff from any

20 | relief as prayed for in her Complaint.

21 | TWENTIETH AFFIRMATIVE DEFENSE

22 |     21.    As a twentieth, separate and affirmative defense, Defendant asserts that it had no

23 | knowledge of any protected activity in which Plaintiff allegedly engaged.

24 | TWENTY-FIRST AFFIRMATIVE DEFENSE

25 |     *22.*    As a twenty-first, separate and affirmative defense, Defendant asserts that to the

26 | extent Plaintiff engaged in a protected act, she did so in bad faith.

27 | TWENTY-SECOND AFFIRMATIVE DEFENSE

28 |     23.    As a twenty-second, separate and affirmative defense, Defendant asserts that the

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

4

1  damages, if any, alleged herein by Plaintiff, are wholly attributable to a pre-existing injury or

2  illness suffered by Plaintiff.

3  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

4       24.    As a twenty-third, separate and affirmative defense, Defendant asserts that it is

5  named as the wrong party defendant.

6  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

7       25.    As a twenty-fourth, separate and affirmative defense, Defendant asserts that

8  Plaintiff is not a qualified disabled individual as a matter of law.

9  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

10       26.    As a twenty-sixth, separate and distinct affirmative defense, Defendant asserts that

11  Plaintiff's alleged damages should be reduced or eliminated, in whole or in part, because Plaintiff

12  failed to avoid the consequences of alleged harassment or other alleged wrongful conduct by

13  using the preventive and corrective measures provided by the defendant.

14  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15       27.    As a twenty-seventh, separate and affirmative defense, Defendant asserts that

16  Plaintiff has failed to set out her claims with sufficient particularity to permit the answering

17  Defendant to raise all appropriate defenses and, thus, the answering Defendant reserves the

18  right to add additional defenses as the factual basis for these claims become known.

19  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20       27.    As a twenty-eighth, separate and affirmative defense, Defendant asserts that it is

21  entitled to recover reasonable expenses, including attorneys' fees, from Plaintiff and her counsel, and

22  that Plaintiff's complaint, and each purported cause of action or count thereunder, is frivolous and

23  was brought and maintained in bad faith and without reasonable cause, is totally and completely

24  without merit, and was brought for the sole purpose of harassing Defendant.

25       WHEREFORE, Defendant prays:

26       1.    That Plaintiff take nothing by the Complaint;

27       2.    That the Complaint be dismissed with prejudice;

28       3.    That Defendant recover its costs of suit herein, including reasonable attorneys'

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

5

fees; and

4.    This Court grant such other further relief as it may deem appropriate.

Dated: December 4, 2007                    LAFAYETTE & KUMAGAI LLP

*Ramona Tumber*
_____
RAMONA K. TUMBER
Attorneys for Defendant
EQUILON ENTERPRISES LLC
(DBA SHELL OIL PRODUCTS US)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

6

DEFENDANT EQUILON ENTERPRISES LLC'S (DBA SHELL OIL PRODUCTS US)
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

# PROOF OF SERVICE

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105.

On December ____, 2007, I served the document named below on the parties in this action as follows:

_____ (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_____ (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee (s) noted below.

_____ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

_____ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

Randal M., Barnum, Esq.
Law Offices of Randal M. Barnum
279 East H Street
Benicia, California 94510

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on   December     , 2007     , at San Francisco, California.

_____

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT EQUILON ENTERPRISES LLC'S (DBA SHELL OIL PRODUCTS US)
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT