Randal M. Barnum, Esq. (State Bar No. 111287)
Law Offices of Randal M. Barnum
278 East H Street
Benicia, California 94510
Tel:   (707) 745-3747
Fax:   (707) 745-4580

Attorneys for Plaintiff
CAROL A. GOOS

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
DIANE KONG (State Bar No. 136367)
RAMONA K. TUMBER (State Bar No. 244008)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
EQUILON ENTERPRISES LLC (DBA SHELL OIL
PRODUCTS US)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. GOOS,<br><br>            Plaintiff,<br><br>vs.<br><br>SHELL OIL COMPANY, doing business as SHELL OIL PRODUCTS US, and/or also known as SHELL OIL PRODUCTS US, and Does 1-50, inclusive,<br><br>            Defendants. | Case No. C 07-06130 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        April 11, 2008<br>Time:        8:30 a.m.<br>Courtroom:   8, 19th Floor<br>Judge:       Hon. Charles R. Breyer |

The parties in the above-entitled action submit this Joint Case Management Statement FRCP 26(f) report, and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service**

This case was removed by Defendant, on the basis of diversity of citizenship, pursuant to 28 USC Sec. 1441(a) and 28 USC Sec. 1441(b). There are no known issues regarding jurisdiction or venue, and no currently named defendants remain to be served.

2. **Facts**

Plaintiff Carol A. Goos ("Plaintiff") began working for Defendant Equilon Enterprises LLC, doing business as Shell Oil Products US ("Defendant"), in 1991. In 2004, Plaintiff allegedly began suffering from depression. Plaintiff commenced disability leave on June 19, 2006, and continues to remain off work. Plaintiff currently is employed as a machinist for Defendant.

Defendant alleges the following: In or about October 2006, Defendant's physician Dr. Gregg Sorenson consulted with Plaintiff regarding her depression and contacted her psychiatrist Dr. Peter Brandes regarding treatment. Dr. Brandes informed Dr. Sorenson that Plaintiff was unable to return to work, but otherwise did not disclose the psychiatric or medical treatment sought. Defendant's Disability Case Manager Jon Sharp thereafter contacted Plaintiff based upon Dr. Sorenson's recommendation that she could return to work in some capacity. Defendant claims that Plaintiff unequivocally stated that she could not return to work based on her own doctor's recommendation.

Plaintiff alleges the following: On March 6, 2007, Plaintiff submitted to an independent medical examination by Dr. Carol Fenner, a psychiatrist appointed by Defendant. Dr. Fenner sent her report of evaluation to Defendant. Plaintiff claims that Dr. Fenner's report confirmed Plaintiff's disability and requested that Plaintiff be accommodated by reinstating her as a planner or mentored into the human resources department. Plaintiff further claims that she received no response to this request for accommodation and that Defendant did not engage in the interactive process with her to consider this or any other accommodation alternatives.

Defendant claims that Dr. Fenner's report confirmed that Plaintiff was not fit to work, that Plaintiff did not request any accommodations during the examination, and that Dr. Fenner

advised that the decision as to whether Plaintiff could return to work with restrictions or accommodations was for Plaintiff's doctors, Dr. Brandes and Cynthia O'Neal, MFCC. Defendant further claims that Plaintiff's doctors have never provided a return to work date either with or without restrictions and at no time has Plaintiff expressed a desire to return to work.

On July 18, 2007, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), alleging gender and mental disability discrimination under the provisions of the California Fair Employment and Housing Act ("FEHA"). She alleged that from November 2004 to July 17, 2007, she was demoted, harassed, denied promotion, denied accommodation, and denied equal pay because of her sex and alleged mental disability. In support of her claims, Plaintiff attached her counsel's June 28, 2007 demand letter to Defendant. Plaintiff received an immediate right-to-sue notice on July 19, 2007.

On October 22, 2007, Plaintiff filed this complaint ("Complaint") against Defendant in Contra Costa County Superior Court alleging employment discrimination under California Government Code Section 12940 et. seq. and California Government Code Section 12945.2. At all times relevant to the complaint, Plaintiff worked at Defendant's refinery in Martinez, California. Plaintiff's causes of action are (1) discrimination based on disability, harassment, failure to accommodate disability, failure to engage in an interactive process, failure to prevent discrimination, and (2) retaliation for taking medical leave.

On December 4, 2007, Defendant answered and removed to the United States Northern District Court. Defendant denies that Plaintiff was discriminated against based on a disability, harassed, and denies that Defendant failed to accommodate Plaintiff's disability, failed to engage in an interactive process, failed to prevent discrimination and retaliated against Plaintiff for taking medical leave.

**The principal factual issues which the parties dispute:**

A. Whether Plaintiff was a qualified disabled individual under the California Fair Employment and Housing Act.

B. Whether Plaintiff was discriminated against based on a disability.

    C.    Whether Plaintiff was harassed because of a disability.

    D.    The extent to which Plaintiff requested accommodations.

    E.    Whether Defendant engaged in an interactive process with Plaintiff.

    F.    Whether Defendant could and failed to accommodate Plaintiff's disability.

    G.    Whether Defendant failed to prevent discrimination against the Plaintiff.

    H.    Whether Defendant retaliated against Plaintiff for taking medical leave.

    I.    The amount and nature of any damages, if any, Plaintiff has suffered due to the Defendant's conduct.

**3.    Legal Issues**

This is an employment discrimination action brought under California Government Code Section 12940 et. seq. and California Government Code Section 12945.2.

**The principal legal issues which the parties dispute:**

    A.    Whether Defendant violated the California Fair Employment and Housing Act ("FEHA") based on Plaintiff's alleged disability.

    B.    Whether Plaintiff can establish a prima facie case of discrimination based on disability and retaliation for taking medical leave.

    C.    Whether Plaintiff failed to allege facts sufficient to constituted a cause of action against Defendant.

    D.    Whether damages sustained by Plaintiff were wholly or in part negligently caused by Plaintiff's own actions, inactions, or delay in acting, and said negligence comparatively reduced the percentage of negligence, if any, by Defendant.

    E.    Whether the complaint and each cause of action contained therein are barred because appropriate administrative remedies have not been exhausted.

    F.    Whether Defendant had knowledge of any alleged discrimination, harassment and/or failure to accommodate.

    G.    Whether all reasonable steps to prevent discrimination and harassment were taken.

H. Whether this action can be maintained as to any alleged claims which have not been made the subject of a timely charge filed with the California Department of Fair Employment and Housing ("DFEH").

I. Whether any emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by Labor Code section 3600 et seq. and cannot be compensated for in this present action.

J. Whether claims for mental or emotional distress are subject to the exclusive jurisdiction of the California Workers' Compensation Appeals Board (California Labor Code section 3200 et seq.).

K. Whether Plaintiff failed to mitigate her alleged damages and said failure to mitigate bars Plaintiff from recovery in this action.

L. Whether actions taken by Defendant were in good faith.

M. Whether Plaintiff is guilty of laches and unreasonable delay in bringing this action and in asserting any cause of action against Defendant, and such unreasonable delay is without good cause and substantially prejudices Defendant.

N. Whether the alleged actions taken by Defendant were based on legitimate, non-discriminatory reasons.

O. Whether Plaintiff can prove that Defendant's articulated non-discriminatory reasons are pretextual.

P. Whether Plaintiff can meet her ultimate burden of proving that the alleged adverse employment actions were illegally based on her disability and/or taking medical leave.

Q. Whether Plaintiff was a qualified disabled individual as a matter of law under the California Law and FEHA.

R. Whether Defendant had knowledge of any alleged disability requiring Defendant to engage in the interactive process and/or provide reasonable accommodation.

S. Whether any alleged accommodation would have created a hardship for Defendant.

1  T.  Whether Plaintiff is entitled to the compensatory relief and damages claimed in the complaint.

2  U.  Whether an award of punitive damages is unconstitutional under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

3  V.  Whether the Complaint and each cause of action alleged therein state facts sufficient to justify an award of punitive damages, and that the Complaint and each cause of action alleged therein fail to state sufficient and specific facts to support the underlying allegations of malice and oppression.

**4. Motions**

Defendant anticipates filing a motion for summary judgment upon completion of discovery. Defendant requests bifurcation as to punitive damages.

**5. Amendment of Pleadings**

No amendments are expected.

**6. Evidence Preservation**

**Plaintiff**

Plaintiff has retained such documents as she possessed when filing this action.

**Defendant**

Defendant has retained such documents as it possessed at the time of the complaint. Defendant has taken good faith measures to avoid the risk of destruction of any new evidence discovered.

**7. Disclosures**

The parties certify that they have made the following disclosures:

Plaintiff submitted FRCP 26(a)(1) initial disclosures on February 28, 2008.

Defendant submitted its FRCP 26(a)(1) initial disclosures on March 3, 2008, however, the Defendant will supplement its disclosures to provide its applicable insurance information.

8. **Discovery**

The parties have agreed to discovery pursuant to the limits provided by the Federal Rules of Civil Procedure on all areas permissible within the scope of discovery under the law, including for any potential liability, defenses, or alleged injuries or damages, as set forth in the following phases:

Phase One:

The parties intend to propound initial requests for production of documents and interrogatories to each other. Upon receipt of initial disclosures and responses to the initial requests for production of documents and interrogatories, the parties intend to subpoena records as necessary. Upon receipt of Plaintiff's responses to Defendant's request for production of documents and interrogatories and any subpoenaed records, Defendant intends to commence Plaintiff's deposition. The parties will then proceed with depositions of Defendant's employees and physicians, as necessary.

After completion of Phase One of discovery, the parties anticipate participation in an early neutral case evaluation to be conducted by John L. Beers. The parties propose this take place by November 2008.

Phase Two:

The parties intend to prepare additional requests for production of documents and interrogatories as necessary in an effort to follow up on outstanding issues. In addition, the parties may propound requests for admissions as appropriate. Defendant intends to notice an Independent Medical Examination of Plaintiff with regard to her alleged disability and any alleged mental and emotional distress. The parties will take additional depositions as necessary.

The parties shall thereafter proceed with expert discovery pursuant to the schedule set by the Court at the Case Management Conference. At this time, the parties are unable to provide a complete list of topics on which experts will be disclosed, but anticipate the following experts may be disclosed: psychiatrist, psychologist, economist, and rehabilitationist.

9. **Class Actions**

N/A.

10. **Related Cases**

Plaintiff is not aware of any pending related cases. Defendant reserves the right to identify any case that may be related to this case.

11. **Relief**

Plaintiff seeks relief as afforded under the California Fair Employment and Housing Act including compensatory damages for past and future economic damages, general damages, punitive damages, costs and attorney's fees.

12. **Settlement and ADR**

The parties have already been assigned or the parties have agreed to use the following court ADR process:

The parties have been assigned to an Early Neutral Evaluation to be conducted by John L. Beers. The ENE has not yet been scheduled.

13. **Consent to Magistrate Judge For All Purposes**

The parties do not consent to a Magistrate Judge.

14. **Other References**

The case is not is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The parties do not agree, at this time, to the narrowing of issues. Defendant believes that the issues may be narrowed by summary adjudication of issues. At this time, the parties do not have suggestions to expedite the presentation of evidence at trial.

16. **Expedited Scheduled**

The parties have not yet determined whether any expedited measures or procedures will be suitable for this case.

JOINT CASE MANAGEMENT STATEMENT (Case No. C 07-06130 CRB)

17. **Scheduling**

The parties suggest the following dates for future proceedings in this action:

(a) LAST DAY FOR COMPLETION OF NON-EXPERT DISCOVERY: January 6, 2009

(b) LAST DAY TO DISCLOSE EXPERT WITNESSES: February 10, 2009

(c) LAST DAY TO DISCLOSE REBUTTAL EXPERT WITNESSES: February 24, 2009

(d) LAST DAY FOR COMPLETION OF EXPERT DISCOVERY: March 24, 2009

(e) LAST DAY TO HEAR DISPOSITIVE MOTIONS: February 6, 2009

(f) FINAL PRETRIAL CONFERENCE: April 27, 2009

(g) TRIAL: May 11, 2009

18. **Trial**

Plaintiff has demanded trial by jury. The parties believe the jury trial will last approximately seven (7) to ten (10) court days.

19. **Disclosure of Non-party Interested Entities or Persons**

Neither party has filed the Certification. The parties do not currently know of any related person or entity that has a financial or other interest in the subject matter of this proceeding.

20. **Other Matters**

None.

/
/
/
/
/
/
/

| | |
|---|---|
| Dated: April 2, 2008 | LAFAYETTE & KUMAGAI LLP |
| | |
| | /s/ Ramona K. Tumber |
| | RAMONA K. TUMBER |
| | Attorneys for Defendant |
| | EQUILON ENTERPRISES LLC |
| | (DBA SHELL OIL PRODUCTS US) |
| | |
| Dated:  April 2, 2008 | Law Offices of Randal M. Barnum |
| | |
| | /s/ Randal M. Barnum |
| | RANDAL M. BARNUM |
| | Attorneys for Plaintiff |
| | CAROL A. GOOS |

N:\Documents\Shell\Goos\Pldg\GOOS Joint Federal CMCv2.wpd

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

JOINT CASE MANAGEMENT STATEMENT (Case No. C 07-06130 CRB)

10