1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (State Bar No. 088666)
2  BRIAN H. CHUN (State Bar No. 215417)
   100 Spear Street, Suite 600
3  San Francisco, California 94105
   Telephone:   (415) 357-4600
4  Facsimile:   (415) 357-4605

5  Attorneys for Defendant
   EQUILON ENTERPRISES LLC (DBA SHELL OIL
6  PRODUCTS US)

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | CAROL A. GOOS,                              | Case No. C 07-06130 CRB
12 |     Plaintiff,                              | **STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**
13 | vs.                                         |
14 | SHELL OIL COMPANY, doing business as        | Complaint filed: October 22, 2007
15 | SHELL OIL PRODUCTS US, and/or also known as SHELL OIL PRODUCTS US, and
   | Does 1-50, inclusive,
16 |
   |     Defendants.
17

20                          STIPULATION

21      In order to preserve and maintain the confidentiality of certain documents to be produced

22 in connection with this lawsuit, the parties to this action, by and through their attorneys of record,

23 hereby stipulate as follows:

24      1.      Documents to be produced during discovery in this litigation may contain trade

25 secrets and other confidential matter, policy, procedure, research, development and privileged or

26 private information. These documents are hereafter referred to as "Protected Documents."

27 Except as otherwise indicated below, all documents designated as confidential and labeled as a

28 "Protected Document" produced in this action shall be Protected Documents and given

1

confidential treatment and safeguarded as described below.

2. Protected Documents shall not include materials that on their face show that they have been published to the general public.

3. If any party contends that any document has been erroneously designated confidential, it shall nevertheless treat the document as a Protected Document unless and until it either (a) obtains written permission to do otherwise or (b) obtains an order of this Court finding that the document is not a Protected Document.

4. Protected Documents and the materials contained therein shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, other than as required for the use, preparation and trial of this action. Except as provided for in the paragraphs below, all Protected Documents and the material contained therein shall remain confidential from all persons.

5. Except with the prior written consent of the designating party or upon further order of this Court, Protected Documents shall be shown or the contents thereof disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a. The parties and employees thereof and their counsel of record in this action;

    b. Employees of the parties' counsel assigned to and necessary to assist such counsel in the preparation or trial of this action;

    c. Independent experts and consultants (and their agents and employees) retained by the parties whose assistance is necessary for the preparation or trial of this specific action, provided that no such disclosure shall be made to any person employed by any competitor of Equilon's, except upon further order of this Court; and

    d. The Court.

6. Before being given access to any Protected Document, each person to whom the Protected Document or material contained therein is disclosed shall be advised of the terms of this Stipulation and Order, shall be given a copy of this Stipulation and Order and shall agree to be bound by its terms.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

7. Counsel shall keep a record of all copies of each Protected Document distributed, in whole or in part, to any Qualified Person. Any copy so distributed shall be returned to counsel after the completion of the Qualified Person's consultation or representation in this action.

8. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Stipulation and Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information which transcript pages shall be specifically designated by the parties.

9. Documents to be produced in response to discovery request(s) may include documents or parts thereof unrelated to any specific allegation made. Accordingly, each party reserves the right to identify and withhold the production of specific documents or parts thereof which are subject to objections based on relevance or other legitimate grounds. The parties will designate, in writing, which of the documents it considers private, privileged, confidential and Protected Documents which documents will be stamped in a manner so as not to impair the readability of the documents or any copies thereof.

10. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation. Upon the conclusion of this litigation, each party shall return all documents stamped "Protected Document" to the party making the designation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  11. This Stipulation and Order shall be binding upon the parties hereto, upon their attorneys and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors or other persons or organizations over which they have control.

DATED: July 18, 2008                LAFAYETTE & KUMAGAI LLP


                                    */s/ Brian H. Chun*
                                    BRIAN H. CHUN
                                    Attorneys for Defendants
                                    EQUILON ENTERPRISES LLC


DATED: July 18, 2008                LAW OFFICES OF RANDAL M. BARNUM


                                    */s/ Randal M. Barnum*
                                    RANDAL M. BARNUM
                                    ELIZABETH J. BOCA
                                    Attorneys for Plaintiff
                                    CAROL A. GOOS


**ORDER**

The foregoing stipulation having been entered and good cause appearing therefore,

IT IS SO ORDERED.


DATED:  __July 31_____, 2008     _____
                                    DISTRICT COURT JUDGE



N:\Documents\Shel\Goos\Pldg\Stipulaton for Protective Order.doc

4

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON
Case No. C 07-06130 CRB

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on July 30, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                                    */s/ Valerie Stevenson*
                                    VALERIE STEVENSON

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

5

STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON
Case No. C 07-06130 CRB