UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAROL A. GOOS,

      Plaintiff,

v.

SHELL OIL COMPANY,

      Defendant.
_____/

No. C 07-06130 CRB (EDL)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITION OF CAROL GOOS; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: RODGER SCHUESTER**

In advance of the parties' April 9, 2010 trial date, Plaintiff Carol Goos filed: (1) a Motion for Protective Order Re: Deposition of Carol Goos, and For An Award of Expenses; and (2) a Motion for Order Terminating the Deposition of Rodger Schuester, or Alternatively, For Order Resuming the Deposition of Rodger Schuester, For Protective Order, For an Award of Expenses, and For Sanctions. The motions, as well as all discovery disputes, were referred to this Court for resolution. Following oral argument on March 19, 2010, and having reviewed the papers and the relevant exhibits, the Court Orders as follows:

1.     Plaintiff's Motion for Protective Order Re: Carol Goos is GRANTED IN PART and DENIED IN PART. Plaintiff's deposition shall proceed in the presence of a discovery referee with full authority to rule on objections, to be appointed by the Court once the parties can agree on an available referee.

The parties agree that Judge Richard Hodge would be an appropriate choice, and agree to determine his availability by the end of the week. If Judge Hodge is not available to serve as a discovery referee during the necessary time frame, the parties will present the Court with a list of other acceptable discovery referees and the Court will appoint one from that list. Plaintiff's deposition will take place at either the appointed discovery referee's office or the courthouse, depending on availability. The parties shall evenly split the cost of the referee, so long as the referee determines that neither party is disproportionately responsible for creating a discovery dispute going forward. The Court finds that Defendant has not established good cause at this time for Plaintiff's deposition to go beyond the seven hour time limit set by the Federal Rules of Civil Procedure. The Court rejects Defendant's arguments that the passage of time since the first session of Plaintiff's deposition and developments since then constitute good cause for more time. Therefore, Plaintiff's deposition shall be limited to the remaining two hours and twenty-five minutes, unless at the conclusion of that time the discovery referee finds good cause for allowing additional time based on what transpires at the continued deposition.

2. Plaintiff's Motion for Order Terminating the Deposition of Rodger Schuester, or Alternatively, For Order Resuming the Deposition of Rodger Schuester, For Protective Order, For an Award of Expenses, and For Sanctions is GRANTED IN PART and DENIED IN PART. Mr. Schuester's deposition shall proceed in the presence of a discovery referee with full authority to rule on objections, under the terms discussed above.

3. Plaintiff's request for sanctions based on the conduct of Defendant's counsel at Mr. Schuester's deposition is DENIED.

4. Plaintiff's request for payment of expenses incurred in making these motions pursuant to Federal Rule of Civil Procedure 37(a)(5) is GRANTED. However, in light of the fact that some portion of the time claimed was incurred in connection with Plaintiff's requests to hear the motions on shortened time, which could have been brought sooner, and also because Plaintiff's motions have not been granted in their entirety, the Court finds good cause for reducing Plaintiff's claimed expenses by 30%. Defendant

is ordered to pay Plaintiff's expenses in the amount of $8,120.00 for the cost of bringing these two motions.

5. Plaintiff's request that the deposition of Carol Goos noticed for March 8, 2010 be vacated pending the Court's resolution of her motion for a protective order is DENIED AS MOOT. However, this Court would have granted the request had this Court received the request before March 9.

6. Defendant's informal requests that the Court determine that Mr. Schuester is not a qualified expert, which is the subject of a motion *in limine* before Judge Breyer, and that the Court award sanctions in Defendant's favor for Ms. Goos' failure to appear at her March 8, 2010 deposition, are not properly before this Court.

7. Defendant's reference to the potential untimeliness of Plaintiff's motions is waived, in light of the fact that it was raised for the first time during oral argument on the motions.

8. Defendant's Motion to hear its Motion for Rule 37(b) Sanctions on shortened time is DENIED. Defendant may withdraw its sanctions motion in light of the Court's initial thoughts on the underlying motion's apparent lack of merit (due to the fact that Rule 37(d) stays depositions where there is a pending Rule 26(c) motion for protective order), or proceed as a regularly noticed motion.

**IT IS SO ORDERED.**

Dated: March 19, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

3